LÓPEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Contract of Lease.

No. 279.—Decided July 24, 1916.

LEASE—CONJUGAL PARTNERSHIP—COMMUNITY PROPERTY—RECORD OF TITLE—PRESUMPTION—CURABLE DEFECT.—Although a property may be recorded in the registry in the name of the husband, if he admits that it belongs to the conjugal partnership by having his wife join him as lessor, he must prove in some way that he was married to her at the time he acquired the property so as to show that the said wife and not the succession of a former wife

was the party interested in the contract; for there is no presumption that a person now married to a certain wife had the same wife at a former date. However, the lack of such proof constitutes only a curable defect.

Id.—POWER OF ATTORNEY—RECORD OF TITLE—OWNERSHIP—EXPRESS POWER.— Even when section 159 of the Civil Code is cited in the power of attorney and it is stated that the husband and attorney in fact may do whatever he please with the community property to be managed by him and execute the necessary deeds without the joinder of the wife, as she expressly consents thereto, the said power of attorney does not authorize the husband to make a contract of lease of two rural properties for a term of four years, to be recorded in the registry of property; for, pursuant to the provisions of sections 159, 1328 and 1615 of the Civil Code, such a contract would require express authority inasmuch as it is an act of strict ownership.

The facts are stated in the opinion.

*Mr. Luis Mendín* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

Before notary Luis Mendín Sabat in Caguas on January 8, 1916, Candelario Quiñones Gadea, in his own right and as attorney in fact of his wife, Hermógenes Asencio, executed instrument No. 5 leasing to Luis López Boria two rural properties, described in said instrument under letters A and B, for a period of four years at a rental of $120 annually, payable semi-annually in advance, it being agreed that the contract should be recorded in the registry of property.

The said instrument was presented in the Registry of Property of San Juan, Section 1, for record as to the property described under letter A and its admission to record was denied by a decision which reads as follows:

"The foregoing document, instrument No. 5, executed Janury 18, 1916, before notary Luis Mendín Sabat, is denied admission to record because as the registry does not show the status of Candelario Quiñones when he acquired the property described under letter A and the name of his wife if he were married at that time, he leases the said property while married to Hermógenes Asencio and this omission prohibits passing upon this document in accordance with the judgment of the Supreme Court of Porto Rico of March 24, 1911, and because on account of the general and uncertain terms in which the clause of the power of attorney exhibited relating to ganancial

property is drawn up, the authority given in the said clause as constitutive of the express consent of the wife as required by sections 159 and 1328 of the Civil Code cannot be determined. Instead a cautionary notice is entered as to said property, etc."

From the said decision Luis López Boria took this administrative appeal and opposed the two grounds thereof, alleging that the first ground shows at most a curable defect which cannot prevent the record.

The registry not showing the status of Candelario Quiñones when he acquired the property described under letter A and the name of his wife if he were married at that time, it is not known whether the property is the individual property of the husband because acquired while single, or the property of the present conjugal partnership Quiñones-Asencio, or the property of another conjugal partnership now dissolved composed of Quiñones and another former wife.

Although the said property is recorded in the registry in the name of Quiñones who admits that it belongs to the conjugal partnership Quiñones-Asencio by the act of leasing it to Luis López Boria in union with his wife, Hermógenes Asencio, it was his duty to prove in some manner that he was married to her when he acquired the property in order to show that she and not the succession of some other former wife was the party interested with Quiñones in the contract of lease, for there is no presumption that one who is now married to a certain person was married to the same person at a former time.

But the failure to prove the status of Quiñones when he acquired the property is only a curable defect easy to be corrected by means of simple proof. That doctrine was laid down by this court in the cases of *Ortiz* v. *Registrar of San Germán,* 23 P. R. R. 652, and *Delgado* v. *Registrar of San. Germán,* 23 P. R. R. 654.

As regards the second defect, the general power of attorney given by Hermógenes Asencio to her husband on July

14, 1908, referred to by the registrar, contains the following authority:

"In the name and representation of the principal to enter into and execute contracts of bargain and sale, exchange, mortgage, annuities, servitudes, antichresis, surety, life income, insurance, loan, lease, pledge, deposit, partnership, arbitration, compromise, acceptance, repudiation, division and partition of inheritance and all kinds of contracts or quasi-contracts, nominate or innominate, civil or commercial, involving all classes of realty, personalty, cattle and incorporeal hereditaments  *  *  *  executing and signing deeds and all kinds of public and private documents.

"In order to comply with the requirements of section 159 of the Civil Code of Porto Rico, her said husband and attorney in fact may do whatever he may think proper with the ganancial property of which he is in charge, executing the corresponding deeds without the necessity of her intervention, for she gives him authority therefor and for whatever else may be necessary, and desires that her consent be considered express, thus complying with the provisions of said statute."

In that clause the wife did not attempt to waive absolutely her intervention in the acts of alienation and encumbrance of the property of the conjugal partnership, but desired to avoid personal intervention by authorizing her husband to represent her, stating besides that it was her wish that the acts of her husband should be considered as done with her express consent.

In other words, the wife gave a power of attorney to her husband, therefore not only sections 159 and 1328 of the Civil Code but also section 1615 are applicable, for they all require express authority or power for an act of strict ownership. In this case the husband was the attorney in fact of his wife. In *Baquero et al. v. The Registrar of Property*, 22 P. R. R. 22, we said: "The rule of law that powers of attorney must be strictly construed is so well known that it is unnecessary to cite our decisions. As a consequence, when the law provides in the section under consideration that an agent must receive express powers from his principal in order to perform

certain acts, the kind of acts he is expressly empowered to perform must be stated in the power of attorney, and a grant of authority making reference to the cases included in a particular statute will not suffice. The power of attorney must be drawn up in such terms as to show the powers conferred upon the attorney in fact without having to refer to another document or to a statute to ascertain what they are.'' Reference to section 159 of the Civil Code in the power of attorney does not make it more express. We said also in *Successors of Andreu & Co.* v. *Registrar of Property,* 20 P. R. R. 396, that ''The words of the power of attorney must be construed as they would be understood by a person of ordinary experience making it  *  *  *,'' and this doctrine was restated in the case of *Méndez* v. *Celis et al.,* 20 P. R. R. 493. The same doctrine was laid down in the cases of *García et al.* v. *Suro et al.,* 19 P. R. R. 720; *Benítez Hermanos* v. *Registrar of Property,* 17 P. R. R. 221; *Post et al.* v. *Registrar of Property,* 19 P. R. R. 180. In the power of attorney under consideration there are no express words empowering the husband to enter into contracts of lease of this kind, which being acts of strict ownership, require express power according to the decision in *R. Fabián & Co.* v. *Register of San Juan,* 22 P. R. R. 744.

The decision appealed from should be modified in the sense that the first defect pointed out by the registrar is curable, and

*Affirmed.*

Justices del Toro and Aldrey concurred.
Chief Justice Hernández and Justice Hutchison dissented.

---

DISSENTING OPINION OF CHIEF JUSTICE HERNÁNDEZ IN WHICH
JUSTICE HUTCHISON CONCURS.

We concur in the majority opinion of this court which serves as a basis for the judgment rendered this day in the

administrative appeal taken by Luis López Boria from a decision of the Registrar of Property of San Juan, Section 1, except as to that part holding that the power of attorney executed by Hermógenes Asencio in favor of her husband, Candelario Quiñones Gadea, did not authorize him to represent her in the contract of lease of two rural properties entered into by Quiñones with Luis López Boria and embodied in the instrument of January 8, 1916, which was denied admission to record by the said registrar.

The power of attorney executed by Hermógenes Asencio in favor of her husband, Quiñones Gadea, by an instrument of July 14, 1908, contains the following clause:

"In order to comply with the requirements of section 159 of the Civil Code of Porto Rico, her said husband and attorney in fact may do whatever he may think proper with the ganancial property of which he is in charge, executing the corresponding deeds without the necessity of her intervention, for she gives him authority therefor and for whatever else may be necessary, and desires that her consent be considered express, thus complying with the provisions of said statute."

The spirit and letter of the said clause admit of no other construction than that Hermógenes Asencio gave her husband, Candelario Quiñones Gadea, express authority to represent her in the alienation or encumbrance of the community property, (1) because the said clause was included in the power of attorney for the purpose of complying with the third paragraph of section 159 of the Civil Code, which prescribes that the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage; (2) because the husband did not need the consent of the wife in order to manage the community property of the spouses Quiñones-Asencio, inasmuch as the first paragraph of said section 159 provides that he shall be the manager; (3) because as said in the opinion from which we dissent, in that clause the wife did not at-

tempt to waive absolutely her intervention in the acts of alienation and encumbrance of the property of the conjugal partnership, but desired to avoid personal intervention by authorizing her husband to represent her, stating besides that it was her wish that the acts of her husband should be considered as done with her express consent; (4) because if it should be held that the wife had not authorized the husband to consent expressly in her name to acts of alienation and encumbrance of the community property belonging to them, the clause in question would have no effect.

According to section 1248 of the Civil Code, if the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed. The terms of the said clause are clearly worded and leave no doubt that the intention of Hermógenes Asencio was as already stated and no other.

The jurisprudence cited in the majority opinion of this court is not applicable to the present case, in which it is not sought to construe a contract whose terms are clear and which really conforms to the provisions of section 1615 of the Civil Code because it contains the express commission referred to in that section, for the authority granted by the wife to the husband in special and not general terms in the clause submitted to our consideration is equivalent to that. The said clause should be given its full meaning.

The power of attorney upon which the decision in the case of *Baquero* v. *The Registrar,* is based is not identical with, nor similar to, the one which gave rise to the present appeal.

For the foregoing reasons we are of the opinion that the decision of the Registrar of Property of San Juan, Section 1, of February 10, 1916, here appealed from, should be reversed.